STATE OF LOUISIANA, COASTAL PROTECTION AND RESTORATION AUTHORITY

VERSUS

ANGELIQUE LEVET AYCOCK, ET AL

NO. 23-C-592

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE FORTIETH
JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 80,827, DIVISION "A"
HONORABLE VERCELL FIFFIE, JUDGE PRESIDING

December 27, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Marc E. Johnson

**WRIT GRANTED; ORDER VACATED; MATTER REMANDED**
    **JGG**
    **FHW**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
STATE OF LOUISIANA, COASTAL PROTECTION AND RESTORATION
AUTHORITY
James L. Bradford, III
D. Stephen Brouillette, Jr.
Jamie P. Gomez
David A. Peterson
J. Ryan Vivian

COUNSEL FOR DEFENDANT/RESPONDENT,
HON. VERCELL FIFFIE
Vercell Fiffie
Goldie Rainey
Eliana Defrancesch

**GRAVOIS, J.**

Relator/plaintiff, State of Louisiana, Coastal Protection and Restoration Authority ("CPRA") seeks this Court's supervisory review of the trial court's *sua sponte* November 21, 2023 order setting this expropriation suit for trial on January 3, 2024. For the reasons that follow, we grant this writ application, vacate the trial court's order, and remand this matter for further proceedings.

## FACTS AND PROCECURAL BACKGROUND

On September 12, 2023, CPRA filed a Petition for Expropriation of immovable property located in St. John the Baptist Parish and held by the eleven named defendants in order to construct the Maurepas Swamp Project. On October 26, 2023, CPRA filed an *Ex Parte* Motion for Execution of Order of Expropriation with Request for Expedited Consideration. CPRA alleged that though it filed its petition six weeks prior, the trial court had not yet issued an order "directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for public purposes at the time of deposit," as required by La. R.S. 19:144. Thereafter, CPRA filed a writ of mandamus with this Court. On November 8, 2023, this Court granted CPRA's writ of mandamus for a limited purpose and ordered the trial court to either issue the Order of Expropriation, or if it finds deficiencies in the petition or other valid grounds for denial of the Order of Expropriation, to provide written reasons concisely stating the grounds for the denial. *Coastal Prot. & Restoration Auth. v. Aycock*, 23-C-517 (La. App. 5 Cir. 11/8/23) (unpublished writ disposition).

On November 12, 2023, the trial court signed a judgment denying the Order of Expropriation, finding that CPRA did not comply with the mandatory language of La. R.S. 38:354 and the expropriation did not "meet the requirements mandating a denial of the request to take private property." CPRA filed a notice of intent to

seek supervisory writs with this Court, which was granted by the trial court on November 20, 2023.

On the following day, November 21, 2023, subsequent to the trial court denying the Order of Expropriation, the trial court issued an order *sua sponte*, setting this matter for trial on January 3, 2024.

CPRA then filed a writ application with this Court seeking review of the trial court's denial of its Order of Expropriation. On December 4, 2023, this Court granted the writ application, vacated the trial court's judgment denying the Order of Expropriation, and ordered the trial court to issue the Order of Expropriation in accordance with La. R.S. 19:144 prior to December 8, 2023. *Coastal Prot. & Restoration Auth. v. Aycock*, 23-548 (La. App. 5 Cir. 12/4/23), 2023 WL 8368118. On December 8, 2023, the trial court signed the Order of Expropriation. A handwritten note on the order states, "All previously set hearing dates are to be maintained." Notice of the Expropriation was issued by the Clerk of Court for the 40th Judicial District Court to the landowner defendants on December 12, 2023 in accordance with La. R.S. 19:146. CPRA contends that as of the filing of this writ application, no service returns have been placed in the record.

In this writ application, CPRA argues that the trial court erred in setting a trial in this case for January 3, 2024 because: (1) it is improper under the "quick-take" expropriation procedures for acquiring immovable property as set forth in La. R.S. 19:141, *et seq.*, specifically La. R.S. 19:151(C) which states that a trial be set only after an answer has been filed; (2) it denies CPRA's right to a jury trial pursuant to La. R.S. 19:154 and La. R.S. 19:4; and (3) it violates the landowners' constitutional rights to due process.

### ANALYSIS

In response to an Order of Expropriation, a defendant can contest the validity or extent of the taking by filing a motion to dismiss within twenty days

from the date the notice was served on him. La. R.S. 19:147(A). In the event a defendant files a timely motion to dismiss challenging the validity or extent of the taking, the court shall set the matter for hearing within thirty days after the filing of the motion to dismiss and shall render a decision within five days after the case is submitted. La. R.S. 19:147(C). A defendant may also apply for a trial to determine the just and adequate compensation to which he or she is entitled pursuant to La. R.S. 19:150 or 151. La. R.S. 19:151 states:

A. Where a portion of a lot, block or tract of land is expropriated, any defendant may apply for a trial to determine the just and adequate compensation to which he is entitled, provided:

(1) He files an answer within one year from the date he is notified in writing, by certified mail, by the plaintiff that it has finally accepted the construction of the facility or facilities for which the property was expropriated.

(2) His answer sets forth the amount he claims as the value of each parcel expropriated and the amount he claims as damages to the remainder of his property.

(3) His damage claim is reasonably itemized.

(4) His answer has a certificate thereon showing that a copy thereof has been served personally or by mail on all parties to the suit who have not joined in the answer.

B. If the defendant desires a trial by jury, he shall include a demand for trial by jury in his answer or separate pleading. The answer or separate pleading demanding a trial by jury shall be filed not later than the time period during which the defendant has to file his answer pursuant to this Section. Failure to demand a jury within the time provided constitutes a waiver of the right to a jury trial.

C. *Upon the filing of the answer, the court shall issue an order fixing the time of the trial of the suit on compensation.* The clerk of court shall thereupon issue a notice to all parties who did not join in the answer of the time fixed for the trial. This notice shall be served at least twenty days before the time fixed for trial and in the same manner provided for the service of citations.

(Emphasis added.)

Upon review, on the showing made, we find that the trial court clearly erred in setting this matter for trial on January 3, 2024. The trial court signed the order setting this matter for trial during the time that the Order of Expropriation had been

denied and before defendants were served with notice of the expropriation as required by La. R.S. 19:146. Additionally, no defendant had made any appearance or filed any answer or responsive pleading challenging either the validity or extent of the taking or the amount of just compensation. The trial court thus disregarded the requirements set forth in La. R.S. 19:147 and La. R.S. 19:151. We find the trial setting premature and in violation of the quick-take procedures set forth in La. R.S. 19:141, *et seq.* and defendants' right to due process under the law.

## DECREE

For the foregoing reasons, we grant this writ application, vacate the trial court order setting trial for January 3, 2024, and remand this matter for further proceedings.

**WRIT GRANTED; ORDER VACATED; MATTER REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 27, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-592

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE VERCELL FIFFIE (DISTRICT JUDGE)
D. STEPHEN BROUILLETTE, JR. (RELATOR)      JAMES L. BRADFORD, III (RELATOR)      VERCELL FIFFIE (RESPONDENT)

**MAILED**
DAVID A. PETERSON (RELATOR)            JAMIE P. GOMEZ (RELATOR)            ELIANA DEFRANCESCH  (RESPONDENT)
J. RYAN VIVIAN (RELATOR)               ATTORNEY AT LAW                     40TH JUDICIAL DISTRICT COURT
ATTORNEYS AT LAW                       227 HIGHWAY 21                      2393 HIGHWAY 18, SUITE 100
150 TERRACE AVENUE                     MADISONVILLE, LA 70447             EDGARD, LA 70049
BATON ROUGE, LA 70802

GOLDIE RAINEY  (RESPONDENT)
40TH JUDICIAL DISTRICT COURT,
DIVISION A
2393 HIGHWAY 18, SUITE 100
EDGARD, LA 70049